UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANDY JOSLIN,

   *Plaintiff*,

v.                                               Case No. 5:25-CV-00655-JKP

EVELYN GARCIA, IN HER OFFICIAL CAPACITY AS CITY SECRETARY, CITY OF FLORESVILLE;

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Andy Joslin's Motion for Leave to File Plaintiff's First Amended Complaint, (*ECF No. 9*), and Motion to Remand to State Court, (*ECF No. 12*). The parties filed responsive briefings and, at the request of U.S. Magistrate Judge Henry J. Bemporad, submitted supplemental briefings. *ECF Nos. 10, 14, 15, 19, 20, 23, 25, 26*. Upon consideration, the Court concludes both Motions, (*ECF Nos. 9, 12*), shall be granted.

## BACKGROUND

Plaintiff Andy Joslin ("Joslin") filed this lawsuit that includes a cause of action for violation of the United States Constitution in a Wilson County, Texas state court, and Defendant Evelyn Garcia, in her capacity as Secretary of the City of Floresville, Texas, ("Garcia") removed under federal question subject-matter jurisdiction. *See ECF No. 1*; 28 U.S.C. § 1331.

Subsequently, Joslin filed the instant Motion for Leave to File Plaintiff's First Amended Complaint, (*ECF No. 9*), and Motion to Remand to State Court, (*ECF No. 12*). The parties filed responsive briefings and, at the request of U.S. Magistrate Judge Henry J. Bemporad, submitted supplemental briefings to address the impact on those motions of the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). *ECF Nos. 10, 14, 15, 19, 20, 23, 25, 26*.

## LEGAL STANDARDS AND ANALYSIS

I. **Motion for Leave to File Plaintiff's First Amended Complaint, (*ECF No. 9*)**

In this Motion, Joslin seeks leave to file an Amended Complaint, (*see ECF No. 9-1*), that, among other things, withdraws the cause of action for violation of the United States Constitution. *ECF No. 9*. In Response, Garcia claims this Motion is "designed solely to deprive [the Court] of jurisdiction . . . and [Joslin] should not be permitted leave to eliminate his claims filed under the [United States] Constitution." *ECF No. 10 at 5*. In Reply, Joslin counters this Motion "is intended to clarify the state-law basis of his claims." *ECF No. 15 at 1–2*.

Leave to amend pleadings should be "freely give[n] . . . when justice so requires." *Clark v. Dept. of Pub. Safety and Corrections*, 141 F.4th 653, 661—662 (5th Cir. 2025) (citing Fed. R. Civ. P. 15(a)(2)). Although Federal Rule of Civil Procedure 15(a)(2) "evinces a bias in favor of granting leave to amend," leave to amend "is by no means automatic." *Id.* (citations omitted). Still, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (citations omitted). Such substantial reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of the allowance of the amendment, [and] futility of the amendment." *Id.* (citations omitted).

Here, Garcia has not demonstrated Joslin acted in bad faith or with a dilatory motive in seeking leave to amend. "[T]he touchstone of the inquiry under [Federal R]ule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint." *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 246 (5th Cir. 1997). The procedural posture of this case does not support a finding of bad faith or dilatory motive where the parties have taken little action. It is further noted that whatever forum manipulation, as alleged by Garcia, involved here is minimal. This is not a case originally filed in federal court by Joslin. While Garcia argues allowing amendment "will cause unnecessary delay in service and necessitate additional pleadings," the Court finds Garcia will not suffer the type of prejudice necessary to warrant denying Joslin leave. *ECF No. 10 at 4*. The fact Joslin is willing to sacrifice the cause of action for violation of the United States Constitution to get back to state court cannot so easily be labeled "forum manipulation" under these circumstances. Accordingly, Joslin's Motion for Leave to File Plaintiff's First Amended Complaint, (*ECF No. 9*), will be granted.

II.   **Motion to Remand to State Court,** (*ECF No. 12*)

In this Motion, Joslin moves to remand on the basis that the Court no longer has subject matter jurisdiction. *See, generally, ECF No. 12*. In Response, Garcia claims she properly removed this matter based on the cause of action for violation of the United States Constitution. *ECF No. 14 at 1–2*. In their supplemental briefings, both parties address the impact of the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). *ECF Nos. 10, 14, 15, 19, 20, 23, 25, 26*.

In *Royal Canin*, the Supreme Court, affirming the judgment of the United States Court of Appeals for the Eighth Circuit, held that remand is required where a plaintiff amends a complaint to delete the federal-law claims that allowed for removal to federal court. As the Court summed up its decision:

> The earliest version of that suit contained federal-law claims and therefore was properly removed to federal court. The additional state-law claims were sufficiently related to the federal ones to come within that court's supplemental jurisdiction. But when Wullschleger amended her complaint, the jurisdictional analysis also changed. Her deletion of all federal claims deprived the District Court of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. Wullschleger had reconfigured her suit to make it only about state law. And so the suit became one for a state court.

*Carroll v. Vivid Seats, LLC*, No. 3:25-CV-00127, 2025 WL 746701, at *2 (N.D. Tex. Feb. 13, 2025), *R. & R. adopted*, No. 3:25-CV-00127, 2025 WL 746520 (N.D. Tex. Mar. 6, 2025) (quoting *Royal Canin*, 604 U.S. at 43-44); *see, e.g.*, *Joel v. Howard Univ.*, No. 1:24-CV-01655, 2025 WL 358769, at *2 (D.D.C. Jan. 31, 2025) ("As the Supreme Court recently explained, after amendment, '[t]he amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy [federal] jurisdiction.'").

Here, Joslin has abandoned the cause of action for violation of the United States Constitution, which was the basis for Garcia's removal to this court. "[His] deletion of all federal claims deprived [this court] of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. [Joslin] had reconfigured [his] suit to make it only about state law." *Royal Canin*, 604 U.S. at 44. Accordingly, the Court must remand this case to state court and, therefore, Joslin's Motion to Remand to State Court, (*ECF No. 12*), will be granted. *E.g.*, *Elevated Foundations Corp., Pl., v. Paces Funcing, LLC et al., Defendants. Additional Party Names: K.G. Hughes & Associates, LLC*, No. 1:24-CV-03878, 2025 WL 2743867 (N.D. Ga. July 23, 2025), *R. & R. adopted sub nom. Elevated Foundations Corp. v.*

4

*Paces Funding, LLC*, No. 1:24-CV-03878, 2025 WL 2743864 (N.D. Ga. Aug. 8, 2025); *Miles v. LSG Sky Chefs Inc.*, No. 3:25-CV-01355, 2025 WL 2100659 (N.D. Tex. July 2, 2025), *R. & R. adopted*, No. 3:25-CV-01355, 2025 WL 2099211 (N.D. Tex. July 25, 2025); *Carroll v. Vivid Seats, LLC*, No. 3:25-CV-00127, 2025 WL 746701, at *2 (N.D. Tex. Feb. 13, 2025), *R. & R. adopted*, No. 3:25-CV-00127, 2025 WL 746520 (N.D. Tex. Mar. 6, 2025); *Joel v. Howard U.*, No. 1:24-CV-01655, 2025 WL 358769 (D.D.C. Jan. 31, 2025).

Joslin also moves the Court to order payment of the reasonable attorney's fees, expenses and costs associated with his filing of the Motion to Remand. *ECF No. 12 at 5*. The Court declines to make such an award. Joslin could have filed his state court Petition without the cause of action for violation of the United States Constitution which would have avoided removal at the outset. *E.g.*, *West v. Hanging Tree Saloon, Inc.*, No. CV SA-11-CV-00198, 2011 WL 13324127, at *3 (W.D. Tex. July 29, 2011).

## CONCLUSION

For the reasons stated above, Joslin's Motion for Leave to File Plaintiff's First Amended Complaint, (*ECF No. 9*), and Motion to Remand to State Court, (*ECF No. 12*), are **GRANTED**.

It is **ORDERED** this case be **REMANDED** to state court. The referral to the Magistrate Judge is **WITHDRAWN**. All other motions pending in this action are **DISMISSED AS MOOT**.

The Clerk of Court is **DIRECTED** to file Joslin's Amended Complaint, (*ECF No. 9-1*), on the docket prior to remand and it is deemed filed as of the date of this Order.

The Clerk of Court is **FURTHER DIRECTED** to affect the remand according to the usual procedure and close this case.

It is so ORDERED.
SIGNED this 2nd day of October, 2025.

5

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE